IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LINCOLN SAVINGS BANK,
A bank chartered under the Laws of
the State of Iowa,

    Plaintiff,

vs.

OPEN SOLUTIONS, INC.
A Delaware Corporation,

    Defendant.

No. C12-2070

RULING ON MOTION TO DISMISS

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.    *Breach of Statutory Express Warranty* . . . . . . . . . . . . . . . . . . . . 4
    B.    *Negligent Misrepresentation* . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V. ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss (docket number 14) filed by the Defendant on November 14, 2012, the Resistance (docket number 20) filed by the Plaintiff on December 10, and the Reply (docket number 21) filed by the Defendant

on December 20. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## II. PROCEDURAL HISTORY

On October 3, 2012, Plaintiff Lincoln Savings Bank filed a complaint against Defendant Open Solutions, Inc. The complaint alleges breach of written contract, breach of express warranty, breach of statutory express warranty, and negligent misrepresentation. Lincoln seeks compensatory damages and declaratory relief.

On November 14, 2012, Open Solutions filed the instant motion, asking the Court to dismiss Lincoln's claims of breach of statutory express warranty (Count III) and negligent misrepresentation (Count IV). Lincoln resists both requests.

On February 4, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. In accordance with 28 U.S.C. § 636(c), and the consent of the parties, the case was referred to the undersigned magistrate judge for the conduct of all further proceedings.

## III. RELEVANT FACTS

Lincoln Savings Bank is a banking corporation chartered under Iowa law, and was established in August 1902. Lincoln operates twenty banking and financial services locations within the State of Iowa. Open Solutions, Inc. is a financial services company providing consulting, software, and technology to financial institutions for core banking services.

In December 2010, Lincoln and Open Solutions entered into a written contract, entitled "Software License, Professional Services and Maintenance Agreement." Lincoln Savings agreed to purchase software and related services from Open Solutions. Section 8.1 of the agreement provides an express warranty:

> Open Solutions represents and warrants to Client that all of the
> professional services Open Solutions performs under this
> Agreement will be performed in a competent manner

2

> consistent with industry standards[.] . . . Client's exclusive remedy, and Open Solutions' entire liability, shall be the re-performance of the applicable professional services and if Open Solutions fails to re-perform such professional services as warranted, Client shall be entitled to recover the fees actually paid to Open Solutions for the deficient professional services.

Agreement (docket number 2-1) at 8, § 8.1.

The integration clause in section 11.3 states that the contract is limited to the terms found in the written contract:

> This Agreement is intended as the complete, final and exclusive statement of the terms of the agreement between the parties regarding the subject matter hereof and supersedes all other prior or contemporaneous agreements or understandings, whether written or oral, between them relating to the subject matter hereof. No amendment to, or modification of, this Agreement shall be binding unless in writing and signed by a duly authorized representative of both parties. Each party expressly acknowledges that there are no warranties, representations, covenants or understandings of any kind, manner or description whatsoever by either party to the other except as expressly set forth in this Agreement.

Agreement (docket number 2-1) at 11, § 11.3.

The contract also contains a general warranty disclaimer in section 8.3.1, which states, in part:

> THE WARRANTY SET FORTH IN SECTION 8.1 OF THIS AGREEMENT IS A LIMITED WARRANTY AND IT IS THE ONLY WARRANTY MADE BY OPEN SOLUTIONS. OPEN SOLUTIONS EXPRESSLY DISCLAIMS, AND CLIENT HEREBY EXPRESSLY WAIVES, ALL OTHER WARRANTIES OR REPRESENTATIONS, EXPRESS OR IMPLIED[.]

Agreement (docket number 2-1) at 8, § 8.3.1.

3

Lincoln claims Open Solutions made multiple representations and promises to induce Lincoln to enter into the agreement. In Count III of its complaint, Lincoln asserts that these "affirmations of fact and/or promises" became part of the "basis of the bargain" and, thus, "created an express warranty that the Velocity Software would conform to the affirmations, descriptions and/or promises made by [Open Solutions] so as to induce Lincoln Savings Bank into entering into the Agreement."[1] In Count IV, Lincoln asserts Open Solutions provided false information regarding its software, which was intended "to induce Lincoln Savings Bank into the entry of the Agreement."[2]

## IV. DISCUSSION

### A. Breach of Statutory Express Warranty

As set forth above, Open Solutions expressly warrants in the agreement that its services will be performed "in a competent manner consistent with industry standards."[3] Lincoln also claims, however, that an additional express warranty was created by "multiple affirmations of fact, descriptions, and/or promises" made by Open Solutions prior to the execution of the Agreement. That is, Lincoln asserts that before signing the contract, Open Solutions made oral representations and promises which Lincoln understood to be part of the contract. Lincoln claims these "became a part of the basis of the bargain and created an express warranty." Open Solutions argues the claim is barred by the written contract language, which states an express warranty and disclaims all other warranties.

---

[1] Complaint (docket number 2) at 6, ¶ 23.

[2] *Id.* at 7, ¶ 29.

[3] In Count II of its complaint, Lincoln asserts that Open Solutions breached the express warranty found in section 8.1 of the Agreement.

4

The parties agree that this dispute is governed by the laws of the state of Delaware.[4] Title 6 of the Delaware Code, § 2-313, is identical to Article 2 of the Uniform Commercial Code, § 2-313. It provides for the creation of an express warranty based on any affirmation of fact, promises, or description of the goods by the seller, which is "part of the basis of the bargain." 6 Del.C. § 2-313(1)(a)-(b). Lincoln asserts that Open Solutions' affirmations, promises, and descriptions of the product thus created an express warranty that the product would conform to those representations. Open Solutions asserts that such representations cannot be the "basis of the bargain," thus creating an express warranty, when a written agreement between the parties contains an express warranty and explicitly disclaims any other warranties.

In support of its argument, Lincoln relies primarily on *Bell Sports, Inc. v. Yarusso*, 759 A.2d 582 (Del. 2000). There, the plaintiff suffered a catastrophic injury while riding a motorcycle, and sued the manufacturer of the helmet he was wearing at the time of the accident. The plaintiff claimed negligence in the design and construction of the helmet, breach of express warranties, and breach of an implied warranty of merchantability. *Id.* at 585. The express warranty claim arose from specific textual representations in the helmet's owner's manual. In affirming a judgment for the plaintiff, the Court rejected the defendant's argument that the express warranty was strictly limited to the terms found in the owner's manual, "which also contained a purportedly effective disclaimer of those terms." *Id.* at 592. The Court concluded that express warranties can arise from "textual representations found in owners' manuals even where not specifically labeled as such." *Id.* at 593. Citing 6 Del.C. § 2-316(1), the Court concluded that the defendant's effort to disclaim any express warranties was "ineffective as a matter of law." In reaching that

---

[4] *See* Agreement (docket number 2-1) at 11, § 11.10.

conclusion, however, the Court focused on the internal inconsistencies found in the manual.

> While the manual contains disclaimers warning potential users that the helmet cannot prevent all injuries, other representations were made to assure a potential buyer that the helmet's liner was designed to reduce the harmful effects of a blow to the head. Those representations constituted essential elements of a valid express warranty that may not be effectively disclaimed as a matter of law.

*Bell Sports*, 759 A.2d at 593.

Unlike the circumstances in *Bell Sports*, however, Lincoln asserts an express warranty based on *oral* representations made by Open Solutions. That is, while the Court in *Bell Sports* found the defendant's efforts to enforce a disclaimer found in the owner's manual against other language found in the same owner's manual to be "ineffective," Open Solutions seeks to disclaim alleged *oral* representations which are *not* contained in the parties' written agreement. Section 8.3.1 of the agreement conspicuously disclaims any warranties, other than the express warranty found in section 8.1 of the agreement. For good measure, the integration clause in the contract (§ 11.3) states that "[e]ach party expressly acknowledges that there are no warranties, representations, covenants or understandings of any kind, manner or description whatsoever by either party to the other except as expressly set forth in this Agreement."

In support of its argument, Open Solutions cites *Meyer & Meyer, Inc. v. Mule-Hide Products Co., Inc.*, 2011 WL 4908432 (Del. Super.), an unreported lower-court decision. One of the issues addressed by the Court was "whether an alleged verbal statement of product effectiveness was a valid express warranty when contrasted with express written disclaimers of verbal warranties." *Id.* at *1. The Court concluded that any express verbal warranty was disclaimed by multiple writings of the defendant. *Id.* at *5. Open Solutions also relies on *Vision Graphics, Inc. v. E.I. DuPont de Nemours & Co.*, 41 F. Supp. 2d 93

(D. Mass. 1999), which applied Delaware law. There, the buyer of a computer software system brought an action against the seller alleging, among other things, breach of contract. As part of its breach of contract claim, the plaintiff asserted oral representations made prior to a written contract. The Court summarily dismissed the claim, finding "Delaware law and the parol evidence rule bar enforcement of oral representations made prior to a written contract." *Id.* at 98. The Court concluded that the contract claim was "doomed" because "[t]he integration clause precludes the consideration of antecedent oral agreements which would vary or contradict the written language." *Id.*

Official Comment 4 to section 2-313 of the UCC provides generally that a seller cannot reduce its obligation with respect to a description of the product. The Official Comment further provides, however, that "[t]his is not intended to mean that the parties, if they consciously desire, cannot make their own bargain as they wish." While express warranties may be created pursuant to section 2-313 by representations made by the seller, section 2-316 of the UCC permits sellers to exclude or modify both express and implied warranties. *Dowty Communications Inc. v. Novatel Computer Systems, Corp.*, 817 F. Supp. 581, 584 (D. Md. 1992) ("Express warranties can be negated or limited to those stated in the contract by express language to that effect."). In *Ray Martin Painting, Inc. v. Ameron, Inc.*, 638 F. Supp. 768 (D. Kan. 1986), the plaintiff claimed that statements made by the defendant's representative created an express warranty pursuant to section 2-313 of the UCC. The Court rejected the plaintiff's claim. *Id.* at 774 ("Despite the general rule that express warranties, once made, may not be disclaimed, court will uphold disclaimers if the parties clearly intended to finalize their agreement in one writing."). Here, it is clear that the agreement of the parties, which includes an integration clause, explicitly disclaims any warranties not included in the agreement.

Assuming the truth of the allegations contained in Lincoln's complaint — that Open Solutions made various affirmations, promises, and descriptions regarding the product —

7

the Court nonetheless concludes, as a matter of law, that the representations cannot constitute the "basis of the bargain," as required by section 2-313. In other words, Lincoln's statutory express warranty claim (Count III) fails *not* because an express warranty established pursuant to section 2-313 was disclaimed, but instead because the representations did not constitute the basis of the bargain and an express warranty under section 2-313 was never established. As noted by one commentator, "language that appears to be a disclaimer at first glance may be effective to show that no warranty was ever made not because it is effective as a disclaimer, but because it shows that no warranty was ever contemplated." Hawkland, *Uniform Commercial Code Series*, § 2-316:2.

The conspicuous and unambiguous language found in the written agreement makes it clear that there are no warranties, express or implied, other than that found in the agreement itself. The facts in this case are distinguishable from those in *Bell Sports*, where the defendant attempted to disclaim warranty language found in the owner's manual. Instead, they are akin to the circumstances in *Vision Graphics*, where the purchaser of software was barred from enforcement of oral representations made prior to a written contract, due to the clear disclaimer language found in the contract. Accordingly, the Court concludes that Count III of Lincoln's complaint must be dismissed. *Jaskey Finance and Leasing v. Display Data Corp.*, 564 F. Supp. 160, 163 (E.D. Pa. 1983) ("[T]he claim may be resolved in a motion to dismiss, if the claims under which the plaintiff seeks relief are barred by the unambiguous terms of a contract attached to the pleading, because the interpretation of an unambiguous contract is a matter of law for the court.").

### B. *Negligent Misrepresentation*

Count IV of Lincoln's complaint alleges that Open Solutions negligently supplied false information to induce Lincoln Saving into entering an agreement. Lincoln asserts Open Solutions misrepresented the software's ease of use, the number of other banks using the program, and Open Solutions' ability to install and maintain the program. Open

Solutions asks that Count IV be dismissed, arguing that because the contract is an integrated agreement, "extra-contractual representations" cannot form the basis for recovery.

In Delaware, "negligent misrepresentation" is sometimes referred to as "equitable fraud." It is similar to "common-law fraud," except "there is no requirement that the defendant have known or believed its statement to be false or to have made the statement in reckless disregard of the truth." *Zirn v. VLI Corp.*, 681 A.2d 1050, 1061 (Del. 1996) (quoting *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983)). Accordingly, to state a *prima facie* case for equitable fraud, or negligent misrepresentation, Lincoln must prove:

1. a false representation, usually one of fact, made by the defendant;
2. an intent to induce the plaintiff to act or to refrain from acting;
3. the plaintiff's action or inaction taken in justifiable reliance upon the representation; and
4. damage to the plaintiff as a result of such reliance.

*Zirn*, 681 A.2d at 1060-61. *See also Glosser v. Cellcor Inc.*, 1994 WL 593929 (Del. Ch.) at *21 n.46 ("Negligent misrepresentation differs from fraud only in the level of scienter involved; fraud requires knowledge or reckless indifference rather than negligence.").

In determining the merits of a motion to dismiss, the Court must accept all allegations within the complaint as true. *Transched Systems Ltd. v. Versyss Transit Solutions, LLC*, 2008 WL 948307 (Del. Super.) at *1. For purposes of this motion to dismiss, the Court assumes that Open Solutions made false representations to Lincoln, which were intended to induce Lincoln to enter into an agreement. The issue is whether, given the waivers found in the agreement, Lincoln "justifiably relied" on Open Solutions' oral representations.

9

This issue was addressed under similar circumstances in *Transched*. There, the plaintiff purchased a software application from the defendants, but later sued, claiming the application was not delivered as previously promised. *Id.* at *1. The defendants filed a motion to dismiss the negligent misrepresentation claims, arguing the exclusive remedy clause, integration clause, and disclaimer found in the agreement prevented any "justifiable reliance" by the plaintiff on extra-contractual representations. The contract language in *Transched* was similar to the integration section and disclaimer section found in the agreement between Lincoln and Open Solutions.

In granting the defendants' motion to dismiss, the Court in *Transched* noted that "[i]n order to succeed in its claims for negligent misrepresentation against [the defendants], Plaintiff must prove it justifiably relied on the misrepresentations made by Defendants." *Id.* at *3. The "anti-reliance language" in the agreement must be clear, but it need *not* contain some form of the word "rely" for it to be "clear." *Id.* Given the unambiguous language found in the parties' agreement, the *Transched* Court concluded that the plaintiff "cannot argue it justifiably relied on anything other than what is present in the contract." *Id.*

Similarly, the Court believes that the language found in the agreement between Lincoln and Open Solutions is clear and unambiguous. "Delaware courts have consistently adhered to an objective theory of contract interpretation, holding that contractual language controls when no ambiguity exists." *Id.* at *2. Even assuming the truth of the allegations contained in the complaint, the Court concludes, as a matter of law, that Lincoln could not "justifiably rely" on any oral representations made before the contract was executed. The contract states unequivocally that "[t]his Agreement is intended as the complete, final and exclusive statement of the terms of the agreement between the parties regarding the subject matter hereof and supersedes all other prior or contemporaneous agreements or understandings, whether written or oral, between them relating to the subject matter

10

hereof." Agreement (docket number 2-1) at 11, § 11.3. Similarly, the agreement conspicuously and expressly disclaims all "warranties or representations, express or implied," other than the express warranty found in section 8.1. Agreement (docket number 2-1) at 8, § 8.3.1.

The Delaware Court of Chancery reached a similar conclusion in *Progressive Intern. Corp. v. E.I. DuPont de Nemours & Co.*, 2002 WL 1558382 (Del. Ch.). In that case, the plaintiff brought an action to rescind a license agreement, asserting several theories, including negligent and innocent misrepresentation. The Court granted DuPont's motion to dismiss, finding that "Progressive could not reasonably base its decision to sign that Agreement on statements of DuPont that were not incorporated in the text of the Agreement." *Id.* at *1. "Delaware courts have held that sophisticated parties may not reasonably rely upon representations that are inconsistent with a negotiated contract, when that contract contains a provision explicitly disclaiming reliance upon such outside representations." *Id.* at *7 (citing *Great Lakes Chem. Corp. v. Pharmacia Corp.*, 788 A.2d 544 (Del. Ch. 2001)). *See also H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 142-43 (Del. Ch. 2003) (granting the defendants' motion to dismiss the plaintiff's negligent misrepresentation claim because the plaintiff could not establish that it justifiably relied on information not contained in the agreement).

In an attempt to avoid this result, Lincoln claims that it was not a "sophisticated party." Lincoln, which was established more than 110 years ago, is a banking corporation which operates 20 banking and financial services locations within the state of Iowa. While the record is silent regarding whether it used an attorney to negotiate the agreement with Open Solutions, it clearly has access to counsel. Nonetheless, Lincoln asserts that it is not a "sophisticated party" because it "has not had previous experience contracting with [Open

11

Solutions] regarding its software products and could not be said to have had the same level of experience as Progressive."[5]

The cases cited by the parties do not directly define what constitutes a "sophisticated party." In a number of cases, however, the Delaware courts have found parties with less knowledge or experience to be "sophisticated." *See, e.g., Vichi v. Koninklijke Philips Electronics N.V.*, 2012 WL 5949204 (Del. Ch.) at *14 (finding that a "sophisticated investor" was a sophisticated party); *PNC Bank v. Sills*, 2006 WL 3587247 (Del. Super.) at *4 (finding that guarantors to a loan were sophisticated parties and had access to competent legal counsel); *Homan v. Turoczy*, 2005 WL 5756927 (Del. Ch.) at *17 (finding that the plaintiffs, who had MBA degrees and were advised by an experienced business attorney and accountant, were sophisticated parties for the purpose of purchasing a small business); *All Pro Maids, Inc. v. Layton*, 2004 WL 3029869 (Del. Ch.) at *3 (finding that a small business was a sophisticated party in entering into contracts).

The Court concludes that Lincoln is not able to avoid the clear language of its Agreement by claiming that it was unsophisticated. Even assuming that it had no previous experience contracting with Open Solutions, it has 110 years of experience in entering into contracts. Whether or not it decided to employ an attorney in negotiating this Agreement, it clearly had access to counsel. Accordingly, its claim to naivete is unpersuasive.

In summary, to recover on its claim of negligent misrepresentation, Lincoln must prove that it acted in justifiable reliance on representations made by Open Solutions before the contract was entered into. Because of the integration clause and disclaimer found in the agreement, however, the Court concludes as a matter of law that there could be no justifiable reliance on extra-contractual representations. Even assuming the truth of the

---

[5] Lincoln's Memorandum in Support of Resistance to Motion to Dismiss (docket number 20-1) at 9 (referring to *Progressive Intern. Corp. v. E.I. DuPont de Nemours & Co.*, 2002 WL 1558382 (Del. Ch.)).

Case 6:12-cv-02070-JSS Document 26 Filed 03/13/13 Page 12 of 13

allegations contained in Count IV of the complaint, the Court finds that Open Solutions' motion to dismiss Lincoln's negligent misrepresentation claim should be granted.

## V. ORDER

For the reasons set forth above, it is hereby **ORDERED** that the Motion to Dismiss (docket number 14) filed by the Defendant is **GRANTED**. Counts III and IV of the Complaint are hereby **DISMISSED**. The remaining counts shall proceed in their normal course.

DATED this 13th day of March, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA